WINNIFRED A. ROSE *v.* ROBERT F. ROSE.

Where the wife's right to dower in all the lands of which her husband was seized during coverture, by virtue of the act of March 2nd 1867, had attached before the execution of a deed of trust, *Held*, that, as the bargainor took by *act of the husband* and *claimed under him*, the land was subject to the wife's right of dower, even although the deed was made to secure a pre-existing debt.

If the bargainor had come in by *act of law*, as purchaser at Sheriff's sale, under an execution against the husband, the question of the constitutionality of the act of March 2nd 1867, in regard to pre-existing debts, might have been raised.

PETITION for DOWER, heard by *Fowle, J.*, at Fall Term 1867, of the Superior Court of WARREN.

The plaintiff as widow of one William P. Rose, filed her petition against the defendant at Fall Term 1867, praying for dower in the land, as that of which her husband had been seized during coverture.

The defendant claimed the land by virtue of a deed of trust executed to him by the intestate March 25th 1867, and registered on the same day. The deed was made to secure a bond executed by the intestate as principal, and the defendant as

surety. The petitioner claimed dower by virtue of the act of March 2nd 1867, entitled " An act restoring to married women their common law right of dower," which the defendant insisted was unconstitutional and void, so far as the said deed of trust was concerned; that being a deed to secure a debt contracted before its passage.

The case was submitted to the judgment of the Court upon the above facts agreed.

Judgment for the plaintiff; from which the defendant appealed.

*Eaton & Barham*, for the appellant.

*W. A. Jenkins and Phillips & Battle*, cited 2 Pars. on Cont. 704, n. (b.), *Ib.* 705, and cases cited in n. (f.), *Morse* v. *Gould*, 1 Kern. 281; *Rockwell* v. *Hubbell*, 2 Doug. (Mich.) 197; *Bronson* v. *Kinzie*, 1 How. 311; *Planter's Bank* v. *Sharp*, 6 How. 301, 330; *Potts* v. *Blackwell*, 4 Jon. Eq. 58.

PEARSON, C. J. At common law, a widow was entitled to dower in all the land, of which her husband was seized *at any time during the coverture*, of such an estate of inheritance, she might have had a child capable of inheriting.      :

The statute under consideration, restores to married women their common law right of dower; it was ratified 2nd March 1867. The deed, under which the defendant claims, was executed 25th March 1867. So the right of the plaintiff to have dower in the land had attached, before the defendant acquired title, and we can see no reason why he did not take the land, subject to the prior right of the plaintiff.

Suppose the husband had, on the 25th of March 1867, executed a deed for the land to the defendant, and had received the purchase money in cash, and the wife had not joined in the deed and released her right of dower on privy examination, beyond question the purchaser would have taken, subject to the right of the wife; nor would the case have been varied, if the husband had received an old debt in satisfaction of the purchase money, instead of the cash; and the case can be no

stronger in favor of one who is a purchaser for the consideration of one dollar, and takes the land upon trust to sell and apply the proceeds of sale to the discharge of an old debt. The principle is the same in the three cases—the bargainee takes *by act of the husband, and claims under him.* In the husband's hands, the land was subject to the wife's right of dower; and of course it must also be subject to it in the hands of the bargainee of the husband, without reference to what he accepted as the consideration: for with that the wife had no concern. If, in either of the three cases, the husband had conveyed *before the passage of the act,* the purchaser having acquired title, might have stood on his " vested right," as being prior to the claim of the wife, but in our case, the right of the wife had attached to the land, before the conveyance. Note the diversity.

Thus it is seen, that the point as to the constitutionality of the statute in respect to pre-existing debts, is not presented by the case, and we can give no opinion on it—had the creditors taken judgment, and sold the land under execution, the purchaser at sheriff's sale might have raised the question, as he would come in by act of law; here he comes in by act of the husband, and takes his place.

PER CURIAM.                              Judgment affirmed.